UNITED STATES COURT OF APPEALS
**Filed 5/29/96**
TENTH CIRCUIT

———————

| | | |
|---|---|---|
| GORDON E. JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VERNA K. JOHNSON, IVAN J. NEWMAN, | ) | |
| BARBARA NEWMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 95-4031 |
| | ) | (D.C. No. 94-NC-101-G) |
| THE NATIONAL ASSOCIATION OF | ) | (D. Utah) |
| SECURITIES DEALERS, INC., | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH THOMAS ADAMS, FIRST | ) | |
| EQUITIES CORP., REO CUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

———————

ORDER AND JUDGMENT[*]

———————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, BARRETT and LOGAN, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs filed this action to compel arbitration, naming The National Association of Securities Dealers (NASD) and other defendants. The district court dismissed the complaint, citing both the lack of a federal question and that the amount in controversy did not meet the $50,000 jurisdictional minimum contained in 28 U.S.C. § 1332 to support jurisdiction on the basis of diversity of citizenship. The only issue on appeal is whether the district court correctly dismissed for lack of subject matter jurisdiction.

We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. Plaintiffs initiated arbitration proceedings in November 1987, alleging defendants sold them unsuitable securities in May 1981. The NASD dismissed because the arbitration was filed more than six years after the securities purchases. Thereafter, plaintiffs twice unsuccessfully resorted to Utah state courts. The instant action was filed under the Federal Arbitration Act, 9 U.S.C. §§ 1 through 14 (FAA), to compel the NASD to arbitrate plaintiffs'

complaints against the other named defendants.  However, the FAA does not create a federal cause of action.  It provides a vehicle for enforcing a written arbitration agreement when an independent federal cause of action exists.  <u>Moses H. Cone Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 25 n.32 (1983).  Likewise, plaintiffs' claims fall below the required amount in controversy for diversity jurisdiction.

We therefore AFFIRM.  Plaintiffs' motion for summary disposition is denied as moot.  For the reason that we find this a frivolous appeal pursuant to defendant NASD's request under 28 U.S.C. § 1912, we award it double costs but no other damages.  In limiting this award we considered the fact plaintiff is a pro se litigant; if he had counsel who would represent him in pursuing such an appeal the sanctions would be greater.

Entered for the Court

James K. Logan
Circuit Judge

3